IN RE: LOUIS CHARLES WEST
SSN: 8035
SHANNIN M. WEST     CASE NO: 10-80298
SSN: 0513     CHAPTER 13
    DEBTORS

# FIRST AMENDED CHAPTER 13 PLAN

This First Amended Chapter 13 Plan withdraws all previously filed Chapter 13 Plans and Amendments thereto.

This pleading is a Bankruptcy Rule 3015 (d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned Debtor (s). The complete plan can be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a Password, you may register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. A summary of the contents of the plan filed by Debtor(s) is as follows:

Debtor's _PLAN OF REPAYMENT_ pursuant to 11USC§1321, §1322, AND §1325; **_PROPOSED ADEQUATE PROTECTION_** pursuant to 11USC§361; AND Debtor's **_REQUEST FOR VALUATION OF SECURITY_** pursuant to 11USC §506:

**(I) SUBMISSION OF EARNINGS OR FUTURE INCOME:**

(A) Debtor shall pay $686.00 a month for 2 months, then $656.00 a month for the remaining 57 months of this 60 month plan. The payments shall be by:

    \_\_\_\_\_ PAYROLL DEDUCTION or \_\_X\_\_ DIRECT PAY.

(B) Tax Pledge: In the event that: (1) the plan does not pay 75% to unsecured creditors, or (2) there are tax debts owed to the United States or a state government, the Debtor(s) hereby pledge(s) and dedicate(s) the income tax refunds, if any, to the Standing Chapter 13 Trustee during the term of the plan for the tax years 2010, 2011 and 2012, or for such lesser period as may be required by the Court, excluding any portions identified as earned income tax credit, which shall be retained by Debtor.

(C) The debts of Debtor(s) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

**(II) CLASSIFICATION OF CLAIMS, WHO SHALL PAY AND PRIORITY/CLASSIFICATION, RANKING:**

(A) **CREDITOR(S) DEBTOR WILL PAY DIRECTLY:**

(1) Chase Home Finance, LLC has a mortgage on debtors' home. Debtors will continue paying this creditor directly, outside the Chapter 13 plan, in strict accordance with the mortgage requirements. The arrearage is $774.02 and Debtors propose that the Chapter 13 Trustee pay the arrearage to this creditor over the term of the Chapter 13 case.

(B) **TRUSTEE WILL DISBURSE PAYMENTS TO THE CLASSIFICATION/RANKING:** From the monies received the Chapter 13 Trustee will pay the following claims in the order set forth (meaning the Trustee will pay payments due on the claims to be paid in the order of their rank until the proceeds to disburse are exhausted):

(1) **STANDING TRUSTEE'S FEE:** The Trustee shall withhold from all disbursements made (except those made to Debtors) his allowed fee.

(2) **ALLOWED ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 USC§503(b):**

Counsel for Debtor has applied for Legal Fees for services rendered through confirmation under 11 USC §330 and §331 in the amount of $2,800.00, of which $250.00 has been paid, leaving a balance of $2,550.00. These fees shall be paid by the Chapter 13 Trustee.

(3) **§506 SECURED CLAIMS - PAYMENT AND VALUATION OF COLLATERAL:**

(a) Chase Home Finance, LLC has a mortgage on debtors' home. Debtors will continue paying this creditor directly, outside the Chapter 13 plan, in strict accordance with the mortgage requirements. The arrearage is $774.02 and Debtors propose that the Chapter 13 Trustee pay the arrearage to this creditor over the term of the Chapter 13 case.

(b) GMAC has a mortgage on a 2004 Chevrolet with a claim of $2,435.93. Debtors propose that the Trustee pay this creditor that amount plus 7% interest over the term of this Chapter 13 case.

(c) Center One Financial Services, LLC has a mortgage on a 2008 Mitsubishi which was purchased within 910 days of filing. The payoff balance on this claim is $22,525.00 and debtors propose that the Trustee pay that amount plus 7% interest over the term of this Chapter 13 case.

(d) Dresser Alexandria Federal Credit Union has a mortgage on a 1997 boat, motor and trailer. Debtors are unable to continue paying for this collateral and will surrender this collateral to the Credit Union in partial satisfaction of its claim. The undersecured portion may receive its prorata share of the unsecured dividend.

(4) **UNSECURED CLAIMS THAT CANNOT BE DISCHARGED AND WILL RECEIVE PAYMENT IN FULL:**

None.

(5) **GENERAL UNSECURED CLAIMS:**

**Timely Filed General Unsecured claims will be paid a dividend of APPROXIMATELY 0%, but dividends paid on such claims may vary according to actual claims filed and amount of tax refund received.**

All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of the above scheduled secured claims. **See Schedule F of the Petition for a list of unsecured creditors.**

**THIS PLEADING SEEKS RELIEF UNDER THE ABOVE SET FORTH BANKRUPTCY CODE SECTIONS AND COMPLIES WITH AND IS BEING NOTICED PURSUANT TO BANKRUPTCY RULES 2002, 2016, 3012, 3013, 3015 AND 4001.**

**A NOTICE DOCUMENT IS BEING SENT WITH THIS PLEADING SETTING A CONFIRMATION HEARING ON DEBTOR'S PLAN, (I) ABOVE. THIS CONFIRMATION HEARING SHALL ALSO BE THE HEARING ON DEBTOR'S REQUEST FOR VALUATION, (III) ABOVE, AND COMPENSATION FOR DEBTOR'S ATTORNEY, (IV) ABOVE. OBJECTIONS TO THE DEBTOR'S PLAN, PROPOSED VALUATIONS FOR COMPENSATION FOR DEBTOR(S)' COUNSEL MUST BE IN WRITING AND MUST BE FILED WITH THE COURT AND SERVED ON THE DEBTOR(S), DEBTOR'S COUNSEL AND THE TRUSTEE AT LEAST FIVE (5) DAYS PRIOR TO THE DATE SET FOR THE CONFIRMATION HEARING. ABSENT ANY OBJECTIONS, THE COURT MAY AT SUCH HEARING CONFIRM DEBTOR'S PLAN, DETERMINE THE VALUE OF DEBTOR'S PROPERTY FOR SECURED CLAIMS PURPOSES, AND SET THE AMOUNT OF COMPENSATION FOR DEBTOR'S PROPERTY FOR SECURED CLAIMS PURPOSES, AND SET THE AMOUNT OF COMPENSATION FOR DEBTOR'S COUNSEL.**

## **PLAN & PLAN SUMMARY DATE:**

May 13, 2010                                                                 Respectfully Submitted,

                                                                                    /s/ Robert L. Royer
                                                                                Robert L. Royer